[Civ. No. 5286. Third Appellate District.—December 20, 1934.]

ELMER L. FORNEY, Appellant, v. H. D. BRODIE et al., Respondents.

Ray H. Overacker for Appellant.

J. C. Hizar and J. U. Hemmi, *in pro. per.*, for Respondents.

PULLEN, P. J.—This appeal from a judgment of nonsuit rendered in favor of defendants and against plaintiff arose from an action for malicious prosecution. Plaintiff appeared *in propria persona* and prosecuted the action *in forma pauperis.* Present counsel on appeal did not appear of record in the case until the settlement of the bill of exceptions, and entered the case solely for the purpose of prosecuting this appeal.

It seems from the various pleadings on file that plaintiff is or was a builder or building contractor and registered as such with the state registrar of contractors. About the eighth day of May, 1930, a complaint for injunctive relief was filed against the plaintiff and others by the city of Oceanside, county of San Diego, to restrain defendants therein from continuing with the erection of a certain building which was then being constructed without having first obtained a building permit from the municipality.

It appears from the record before us that this action was determined in favor of plaintiff herein but as a result thereof some ill-feeling seems to have been engendered.

Among these defendants herein sued for such malicious prosecution was the then city judge of the city court of the city of Oceanside, the city attorney of the city of Oceanside, the complainant before the registrar of contractors and other citizens of the county of San Diego, who,. it is alleged, wilfully and maliciously caused plaintiff to be arrested and caused statements to be published derogatory to him. Issues were joined and the cause was ready for trial in the latter part of January, 1933.

The record discloses that throughout the course of this litigation some eleven motions to disqualify various judges had been made upon the ground of bias and prejudice.

On April 25, 1932, a motion for change of place of trial was argued before Honorable A. C. Finney, a judge of the superior court, presiding. Plaintiff was present but refused to proceed with his motion, alleging the court was without jurisdiction. The court, however, held otherwise and the motion was denied.

On October 6, 1932, the question of the qualification of the several judges of the Superior Court for San Diego County was submitted to Honorable Edwin F. Hahn, a judge of the Superior Court of the State of California in

and for the County of Los Angeles, duly sitting in the county of San Diego, who then passed upon the qualifications of the various judges of San Diego County, and held each and every one of them duly qualified and denied the motion of plaintiff.

On June 26, 1933, plaintiff and defendant appeared in response to a notice that the above-entitled case would be set in department 3 of the Superior Court in and for the County of Tuolumne and duly assigned to the county of San Diego. Over the objections of plaintiff that he had received no notice of trial, the cause was called for hearing. It appears from the record, however, that some time prior to June 26th, Honorable L. N. Turrentine, the judge presiding in the department where the cause was set for trial, requested plaintiff herein to sign a stipulation that the matter proceed to trial on June 26th. Plaintiff had also been informed by the chairman of the Judicial Council that Judge Warne would be willing to try the case and expressed the wish the matter be disposed of while Judge Warne was filling the assignment in San Diego. On June 26th a jury was impaneled, and the court thereupon adjourned to June 28, 1933, for the taking of testimony. On June 28th the court reconvened and the judge thereof directed plaintiff to proceed with the introduction of evidence in support of his amended first and second causes of action. Plaintiff objected, claiming a right to proceed as to the first cause of action as set forth in his original complaint, but as to that he was overruled.

Evidence was thereupon presented upon behalf of plaintiff during the day of June 28, 1933, and the cause continued to June 29th, for further proceedings. On June 29th plaintiff failed to appear, but an affidavit was presented to the court upon behalf of plaintiff by Dr. George W. Getze, which affidavit is in the following language:

"Dr. George W. Getze<br>
"Carlsbad, Calif.<br>
"June 29, 1933   7 A. M.

"To the Judge of the Superior Court, Dept. 3:

"I wish to certify that I have just examined Elmer L. Forney of 218 Geneva St. Huntington Beach, Calif. and find him physically unable to attend Court to-day.

"I have ordered that he remain in bed at complete rest for several days.

"Mr. Forney is plaintiff in case 70644 of Superior Court, Dept. 3.

"Respectfully,

"Geo. W. Getze, M.D.

"Subscribed and sworn to before me this 29th. day of June, 1933.

"W. McClellan

"Notary Public in and for the County of San Diego, State of California.

"My commission expires Dec. 17, 1934."

Defendants objected to a continuance on the ground of insufficiency of the affidavit, which objection was sustained. A motion was thereupon made for a nonsuit, which was granted. Thereafter plaintiff filed a motion for a new trial which, after presentation, was denied. In due time notice of appeal was given from the judgment rendered in favor of defendants, and by virtue of this appeal the matter is now before us.

It has seemed necessary to narrate at this length the many steps taken by plaintiff, steps unnecessarily involved and unduly repeated for an orderly presentation of the issues before the court, but caused perhaps either by the attempt of plaintiff to represent himself before the trial court or by an unfounded distrust of the courts to give him a fair trial.

We have not attempted to enumerate all of the appearances of plaintiff in court and his attempt to disqualify the various trial judges assigned to try the cause, nor of the many demands for a change of venue. In reading the affidavits in support of these motions we can find not the least cause or excuse for the attitude of plaintiff and must assume it to be misinformation upon his part or a desire to vex and annoy counsel or impede the functions of the courts themselves without cost to plaintiff, he availing himself of a generous public that permitted him to take a pauper's oath and escape the payment of fees upon his part.

The objection of plaintiff that he was compelled to proceed to trial while a motion for change of venue was pending, is without foundation. The question of venue had been passed upon and determined adversely to the contention of plaintiff by the learned judge then presiding in the Superior Court of San Diego County. In various attempts thereafter plaintiff raised substantially the same

question before other judges, although no order had been given plaintiff for permission to renew such motion.

Section 182 of the Code of Civil Procedure then in effect provided: ''If an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part, or is granted conditionally, no subsequent application for the same order shall be made to any court commissioner, or any other judge, except of a higher court; but nothing in this section applies to motions refused for informality in the papers or proceedings necessary to obtain the order, or to motions refused with liberty to renew the same.''

There was therefore no valid motion for a change of venue before the court when the cause was called for trial on June 26, 1933.

■ Complaint is also made by plaintiff as to the nature of the notice given him as to the setting of the cause for trial and the trial date thereof, but this objection is removed by the fact that upon that day plaintiff took part in the examination of jurors and selected a jury to try the cause. Thereafter the matter was continued from the twenty-sixth of June to the twenty-eighth day of June, permitting plaintiff an opportunity to obtain his witnesses and proceed with the cause. Upon that day he appeared in court with witnesses and introduced evidence in support of his cause of action. ■ The following day, June 29th, appellant failed to appear but submitted to the court the affidavit heretofore set forth. This affidavit is upon its face insufficient to compel the granting of a continuance. It does not appear therein the nature of the illness of which appellant was then suffering nor the length of time that he probably would be confined to his bed. Continuances are largely within the discretion of the trial judge, and inasmuch as no abuse of this discretion is here made to appear we cannot hold that the court exceeded its jurisdiction in directing the cause to proceed to trial. It will be recalled that a jury was in attendance, which jury had been called and was being held at the expense of the county, and inasmuch as it could not be ascertained from the affidavit the nature of the illness, nor how long a jury might be required to be held, the court was within its rights in directing a nonsuit.

As Mr. Justice Sloss said, speaking for the court in the case of *Beckman* v. *Waters,* 161 Cal. 581 [119 Pac. 922, 925]:

"It is also claimed that the court erred in denying the motion for a continuance on the ground of the absence of the plaintiff. The court did not abuse its discretion in this ruling. The affidavits offered to support the motion showed, at most, that the plaintiff was unable to be present at the time set for the trial. But there was nothing to indicate that he would be able to appear at any later time, nor was there any sufficient showing of an excuse for the failure to take his deposition in proper form before the trial."

Appellant also complains because the court refused to order the court reporter to attend at the trial and perform his services without receiving the statutory *per diem.* We will not here consider that objection as it does not appear in view of the outcome in the proceedings that such order, whether right or wrong, affects any right of plaintiff. This appeal is by bill of exceptions and is heard not upon the testimony but upon the clerk's transcript.

It appears beyond question that plaintiff was afforded ample opportunity to present his issues before an unbiased and impartial court, and he failed to avail himself of that right.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1935.