[Civ. No. 5720.   Third Appellate District.—June 25, 1937.]

GEORGE HORSTMYER, Appellant, v. THE TRIAL BOARD OF THE CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, Respondent.

Clifford A. Russell and A. M. Mull, Jr., for Appellant.

Hugh B. Bradford, City Attorney, and Jos. L. Knowles, Assistant City Attorney, for Respondent.

THOMPSON, J.—This is an appeal from a judgment of the superior court which was rendered in a *certiorari* proceeding, affirming the order of the "Trial Board" of the city of Sacramento discharging the petitioner as a police officer of that city for conduct unbecoming an officer and of acts subversive of the discipline of the police department.

It is contended the Trial Board was without jurisdiction to hear or determine the alleged charges of insubordination for the alleged reasons that they were not signed, filed or served in the manner required by section 180 of the Charter of Sacramento, and that the judgment and order of the Trial Board are not supported by substantial evidence. It is also asserted the board erroneously received and considered hearsay evidence in the course of the trial.

The record shows that the petitioner was a patrolman on the police force of Sacramento in 1935; that by order of the chief of police made on April 30, 1935, the petitioner was fined one month's pay which was deducted from his salary for neglect of duty; that on May 4, 1935, the petitioner was notified by the chief of police that written charges of neglect of duty and of conduct unbecoming an officer would be filed against him, and that he was therefore suspended from performing his duties as a police officer pending the hearing of those charges; that Sacramento is a city of class number 2½ operating under a charter which was adopted and approved in 1921. (Stats. 1921, p. 1919.) Section 179 of the charter provides that the appointive power may suspend any member of the police force for thirty days or may fine him not to exceed one month's salary for violation of the rules of the department for insubordination or for neglect of duty. Section 180 provides that the chief of police may for like cause similarly fine or suspend a member of his force, under which circumstances a written report of the fine, suspension and a statement of the reasons therefor must be filed with the city manager within twenty-four hours thereafter. Section 180 further provides that when a member of the police force is charged with an offense under the rules of that department which, in the judgment of the city manager, justifies his expulsion from the service of the city, the city manager shall

prepare or cause to be prepared written charges against the accused which shall be filed with a board consisting of the members of the city council and designated as a Trial Board, which charges, after ten days' notice to the accused, shall be heard and determined by the board. It is provided that the accused may appear and be represented at the hearing by counsel, with the privilege of examining witnesses in his own behalf. In the event that the board finds the officer to be guilty of any such charge, he may be dismissed from the service of the city, or such other punishment therefor may be imposed as the board deems to be just and proper.

Pursuant to sections 180 and 181 of the City Charter of Sacramento, James S. Dean, the city manager of the city of Sacramento, signed and filed with the "Trial Board" of said city on May 9, 1935, specific charges against the petitioner, as a member of the city police force, including among the other accusations: "First: Conduct unbecoming an officer and a gentleman; Second: Conduct subversive of good order and discipline of the Police Department," which conduct is specifically recited therein in detail. The record shows that the city council "sitting as a *trial board*", met in regular session, and fixed the time of hearing said charges for May 31, 1935, and adopted a written notice of the time and place of trial to be served upon the petitioner. Both the written charges of insubordination and the notice of time and place of the hearing thereof, are entitled, "The City Council of the City of Sacramento, *Sitting as a Trial Board.*" On May 31, 1935, members of the city council met as a "Trial Board" at their chambers in the city hall of Sacramento, and formally heard and determined the charges against the petitioner. At that time the petitioner appeared with his attorney, and without demurring to the written charges or objecting to the jurisdiction of the board, participated in the hearing. Seven witnesses were sworn and examined in behalf of the city, and twenty witnesses were sworn and examined on behalf of the accused. Upon the conclusion of the hearing, the Trial Board determined that the petitioner was guilty of the two charges above mentioned, and rendered verdicts against him to that effect. With respect to two other charges which were made against him, the board determined the issues in his favor. By resolution and judgment of the Trial Board, the petitioner was adjudged to be guilty of the offenses above specified, and he was thereupon dismissed from

the service as a police officer of the city of Sacramento. This petition for a writ of *certiorari* was then filed in the Superior Court of Sacramento County. At the hearing thereof the order and judgment of the Trial Board of the City of Sacramento were affirmed and the writ was discharged. From that judgment of the superior court, the petitioner has appealed.

■ Under the provisions of section 181 of the Sacramento City Charter, the members of the city council are constituted a *quasi*-judicial tribunal under the name of a "Trial Board" for the purpose of hearing and determining charges of insubordination or unfitness of members of the police department of the city, and upon conviction of the officer of any such charge the board is authorized to dismiss the officer from his service, or otherwise punish him. Although the members of the city council and of the Trial Board, which is created under the provisions of the charter, are identical, they constitute separate and distinct tribunals.

■ There is no merit in the contention that the charges against the petitioner were filed with and determined by the city council as distinguished from the Trial Board. Pursuant to the provisions of section 180 of the City Charter, the written charges which were signed and filed by the city manager were entitled, "To the City Council of the City of Sacramento *sitting as a Trial Board.*" The minutes of the clerk of the city council show that a resolution of the council was adopted to the effect that the hearing on the charges should "be held before the City Council *sitting as a Trial Board.*" The written notice of the hearing was heard in exactly that manner, and recites the fact that the "City Council . . . *will sit as a Trial Board in the hearing of same.*" The return to the petition for a writ of *certiorari* recites that "Pursuant to foregoing action of the City Council . . . said Body *met as a Trial Board* on date of May 31st, 1935, . . . " The return further shows the proceedings which occurred in the course of the trial before the "Board", and recites the fact that the board then adopted and returned the following verdicts: "First Charge: We *the Trial Board* . . . find him guilty of conduct unbecoming an officer and gentleman. . . . " and, "Second Charge: We *the Trial Board* . . . find him guilty of conduct subversive of good order and discipline of the Police Department." The judgment then follows in which it is recited: "We *the Trial*

*Board,* . . . render judgment that said George Horstmyer be and is hereby dismissed from the service of the City of Sacramento.'' There can be no question that the proceedings were properly conducted by and in the name of the Trial Board, as provided by the charter, and not by the city council.

Nor did the Trial Board lack jurisdiction of the cause for failure to serve the petitioner with notice of the time and place of trial. The record does not affirmatively show that the written notice of hearing was actually served on the petitioner. But it does show that the accused personally appeared at the trial with his attorney and participated therein, without objection. Twenty witnesses were called and examined in his behalf. Assuming that the written notice was not served upon him as the law requires, he was not prejudiced thereby, for by his appearance and participation in the proceedings he waived the service of notice. (*Ross* v. *Thirlwall,* 101 Cal. App. 411 [281 Pac. 714]; *Sheldon* v. *Landwehr,* 159 Cal. 778 [116 Pac. 44]; 24 Cal. Jur. 725, sec. 9; 64 C. J. 45, sec. 24.) In the authority last cited it is said ''Notice of trial may be waived by proceeding to trial,'' without objection on that ground. The purpose of requiring notice of the time and place of trial is to enable the parties to prepare for trial and to prevent the rendering of judgment by default without the opportunity of being present. The petitioner may not complain for the first time on *certiorari,* of the failure to give notice of the trial, when it appears that he was present with his attorney and participated in the trial without objection on that ground.

The board was not without jurisdiction to hear and determine the accusations against the petitioner for the reason that the charges were not sworn to by the city manager. The charter does not contain such a requirement. However, assuming, without so deciding, that the charges should be sworn to, the petitioner waived that defect by appearing with his attorney and proceeding to trial without objection on that ground. (*Donovan* v. *Board of Police Commrs.,* 32 Cal. App. 392, 403 [163 Pac. 69, 74].) In the case last cited it is said in that regard:

''Conceding that the chief of police was not authorized to take the verification to the complaint, and granting that an improper verification is no verification, and therefore a *quasi*-jurisdictional defect, nevertheless it is a defect which

may be waived by proceeding, as did the plaintiff in the present case, to a hearing without objection.''

█ The prior fine of one month's salary and the suspension of the appellant about May 4, 1935, pending the investigation and trial on the written charges, were imposed under the provisions of section 179 of the Charter. The former proceedings were entirely independent of the hearing upon the charges of insubordination and unfitness to hold the position of a police officer. The subsequent hearing and dismissal of the petitioner from the service of the city did not constitute *res judicata,* or amount to a double punishment for the same offense. It was merely the proceeding provided for by section 181 of the Chapter for judicially determining the unfitness of the officer as a foundation authorizing his dismissal from the service.

█ There is no merit in the contention that the judgment dismissing the petitioner from the city service is ineffectual and void for the reason that the chief of police failed to notify the city manager in writing within twenty-four hours of the previous fine and suspension of his duties pending the trial upon the formal charges against him. That notice is not required with respect to the judgment of conviction upon trial of the board and final dismissal of the accused from the city service. It merely applies to action of the chief of police under the provisions of section 180 of the charter, which is preliminary to and not involved in this proceeding in *certiorari.*

█ There is no merit in the contention that it does not appear that the offenses of which the petitioner was convicted by the Trial Board were in violation of the rules of the police department of Sacramento. In response to a question propounded to the chief of police as to whether certain acts and conduct of the petitioner upon which he was then being examined were ''against the rules of the Sacramento Police Department'', he replied, *''Absolutely against the rules.''* This evidence was admitted without objection. Since this furnishes substantial evidence that the conduct was contrary to the rules of the department we have searched for no further evidence upon that issue.

█ Finally, it is asserted the Trial Board erred in receiving in evidence the hearsay statement of Lorraine Peck. Assuming that her statement was erroneously admitted in evidence, for the reason that she was not present at the trial,

and the petitioner had no opportunity to cross-examine her, that error is immaterial. There were seven other witnesses who were sworn and examined at the hearing in support of the charges against the petitioner. Twenty witnesses were sworn and examined in his behalf. We have read the record and find adequate competent evidence to support the findings of the trial court. It is the established rule of law that when it appears that the inferior court or *quasi*-judicial board has jurisdiction to hear and determine a matter, neither alleged errors in the admission of evidence, nor the weight or sufficiency of evidence will be reviewed upon *certiorari*. (*Locke Paddon* v. *Superior Court, etc.*, 65 Cal. App. 34, 38 [223 Pac. 91]; *Smith* v. *Superior Court*, 89 Cal. App. 177 [264 Pac. 573]; *Shepherd* v. *Board of Supervisors, etc.*, 137 Cal. App. 421, 427 [30 Pac. (2d) 578]; 4 Cal. Jur. 1109, sec. 70.) If there is no evidence to support the findings of an inferior court or *quasi*-judicial board, its determination may be annulled on *certiorari*. (*Garvin* v. *Chambers*, 195 Cal. 212, 221 [232 Pac. 696].) In the present proceeding it may not be said there is no evidence to support the findings of the Trial Board. There is substantial evidence in support thereof. The mere error of considering an alleged hearsay statement of Lorraine Peck is immaterial on this proceeding.

The judgment of the superior court is affirmed.

Pullen, P. J., and Plummer, J., concurred.