[Crim. No. 7254.   In Bank.   May 21, 1963.]

In re DUANE J. JOHNSON on Habeas Corpus.

Duane J. Johnson, in pro. per., and Sydney M. Irmas, Jr., under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, and Gordon Ringer, Deputy Attorney General, for Respondent.

SCHAUER, J.—This is a companion case to *In re Raner* (Crim. 7255), *ante*, p. 635 [30 Cal.Rptr. 814, 381, P.2d 638], also decided this day.

Petitioner was committed to the California Rehabilitation Center for treatment as a narcotics addict, by order of the superior court entered purportedly pursuant to article 3, chapter 11, title 7, of part III of the Penal Code (§§ 6500-6510, which deal with commitment to that facility of "persons not charged with a crime").   On petitioner's application for habeas corpus, filed in propria persona, we directed issuance of

an order to show cause and appointed counsel to represent petitioner before this court.

■ Petitioner contends, *inter alia,* that the procedural safeguards of the subject statute were disregarded in his case and hence that he was committed without due process of law. The record supports these contentions.

On May 2, 1962, petitioner was taken into custody on a warrant of apprehension issued after the filing of a petition for commitment purportedly pursuant to Penal Code section 6500. The warrant commanded that petitioner ''be kept at County Hospital, Unit III, pending hearing,'' and petitioner was detained accordingly until his commitment hearing on May 4 and 8, 1962. Such detention is lawful only ''if the petition [for commitment] is accompanied by the affidavit of a physician alleging that he has examined such person within three days prior to the filing of the petition and has concluded that, unless confined, such person is likely to injure himself or others or become a menace to the public.'' (Pen. Code, § 6502.) The record is devoid of evidence that such an examination was made and that an affidavit to this effect was filed with the petition.

During his detention petitioner was examined for narcotics involvement by two county medical examiners, and their report and testimony at the hearing constituted the evidence upon which the order of commitment was based. But the record is devoid of a showing that this examination was authorized by an order of the superior court entered pursuant to Penal Code section 6502, or that such an order (if any) was ''personally delivered'' to petitioner ''At least one day before the time of the examination as fixed by the court order'' (Pen. Code, § 6503).

Petitioner's commitment hearing was first called on May 4, 1962. The record is devoid of evidence that notice of the time and place of that hearing had been served on petitioner as required by Penal Code section 6504 (''the court shall set a time and place of hearing and cause notice thereof to be served on the person'').

It follows that, as in *In re Raner* (1963), *supra,* there has not been strict compliance with the specific statutory prerequisites for the maintenance of petitioner's commitment proceeding, and hence that the superior court lacked jurisdiction to enter the subject order of commitment.

In the circumstances we need not determine the effect, if

any, of an order of dismissal entered on April 3, 1963, in a second narcotics addiction commitment proceeding against petitioner (pursuant to Pen. Code, § 6450), instituted after the issuance of our order to show cause in the case at bench.

The writ of habeas corpus is granted and petitioner is ordered discharged from custody insofar as it relates to the proceeding in Crim. No. 7254.

Gibson, C.J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.