[Crim. No. 1950.    Fourth Dist.    Sept. 20, 1963.]

In re EUGENE J. LENCI on Habeas Corpus.

---

*Assigned by Chairman of Judicial Council.

Eugene J. Lenci, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Respondent.

COUGHLIN, J.—Petitioner, Eugene J. Lenci, is the subject of an order committing him to the Director of Corrections for treatment as a narcotic drug addict; was placed at the Corona Branch of the California Rehabilitation Center pursuant to such commitment; and petitions this court for a writ of habeas corpus to obtain his discharge therefrom upon the ground, among others, that he had not been given notice of the hearing culminating in such commitment, as required by law.

On January 15, 1963, a petition was filed in the Superior Court of San Mateo County in proceedings No. 102922, seeking commitment of the petitioner herein as a narcotic drug addict. On the same day the court made an order directing him to appear "on the 17th day of January, 1963, at 9:00 o'clock A.M. for a hearing and examination as provided by law." This order was served on January 16th. The procedure thus adopted followed that prescribed by section 6503 of the Penal Code. On January 17th petitioner was examined by two physicians who, on January 21st, filed a certificate with the Superior Court stating: "Tentative diagnosis—narcotic addict." On the latter date, i.e., January 21st, a hearing was held and the court concluded that petitioner was a narcotic drug addict. The subject commitment followed. No order was made fixing January 21st as the day for the hearing in question, nor was petitioner given any notice of the hearing on said date.

Section 6504 of the Penal Code provides that if the report of the examining physicians "is to the effect that the person is addicted or in imminent danger of addiction, the court shall set a time and place of hearing and cause notice thereof to be served on the person." Failure to give the notice prescribed by the foregoing section deprives the court of jurisdiction in the proceedings. (*In re Raner,* 59 Cal.2d 635, 641 [30 Cal.Rptr. 814, 381 P.2d 638].) In the instant case, as noted, there was neither order nor notice fixing January 21, 1963, as the time of the subject hearing. The subsequent order of commitment is void.

The writ of habeas corpus is granted and petitioner is

ordered discharged from custody insofar as he is detained pursuant to the commitment in said proceedings No. 102922.

Griffin, P. J., and Brown (Gerald), J., concurred.