[Crim. No. 1953.   Fourth Dist.   Oct. 28, 1963.]

In re THOMAS JOSEPH PIZZO on Habeas Corpus.

Thomas Joseph Pizzo, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Respondent.

COUGHLIN, J.— Petitioner, Thomas Joseph Pizzo, was convicted of a violation of section 11721 of the Health and Safety Code; was certified by the Municipal Court of the Stockton Judicial District, in the County of San Joaquin, to the superior court of that county, as a probable narcotic drug addict; was the subject of a proceeding purportedly pursuant to section 6450 et seq. of the Penal Code, i.e., proceeding No. 15325 in the latter court; was found to be a narcotic drug addict within the meaning of said section

6450; was committed to the Director of Corrections for treatment as such; was placed at the Corona branch of the California Rehabilitation Center pursuant to such commitment; and petitions this court for a writ of habeas corpus to obtain his discharge therefrom upon the ground, among others, that the court failed to comply substantially with the provisions of section 5053 of the Welfare and Institutions Code as directed by section 6450 of the Penal Code.

The latter code section required the proceedings in question to have been conducted "in substantial compliance" with section 5053 of the Welfare and Institutions Code which directs, among other things:

"The judge shall compel the attendance of at least two medical examiners, who shall hear the testimony of all witnesses, make a personal examination of the alleged mentally ill person, and testify before the judge as to the result of the examination, and to any other pertinent facts within their knowledge."

In the instant case, the court appointed one medical examiner, who made a personal examination of petitioner; filed a certificate detailing the extent of his examination; and recommended the confinement of petitioner "in an attempt to help him, to give him an opportunity for long time rehabilitation since the imminence of repeated heroin addiction is of tremendous danger in this patient if he is left without prolonged and continuous close supervision"; but did not attend or testify at the hearing which culminated in petitioner's commitment. There were no witnesses in attendance at this hearing. The order of the court is based solely upon the foregoing certificate.

In appointing one instead of two medical examiners; in not requiring attendance of the medical examiner at the hearing in question; and in basing its order upon the medical examiner's certificate without his corroborating testimony, the court did not substantially comply with the requirements of section 5053 of the Welfare and Institutions Code, and thus failed to strictly comply with the provisions of section 6450 of the Penal Code. ▮ Strict compliance with the provisions of the latter section is jurisdictional to any order of commitment in the proceedings. (*In re Raner,* 59 Cal.2d 635 [30 Cal.Rptr. 814, 381 P.2d 638].) ▮ As a consequence, the order of commitment in question is void.

The writ of habeas corpus is granted, and petitioner is ordered discharged from custody insofar as he is detained

pursuant to the commitment order in said proceedings No. 15325 but, by virtue of his conviction as noted, is remanded to the custody of the sheriff of the County of San Joaquin for such further proceedings as may be appropriate.

Griffin, P. J., and Brown (Gerald), J., concurred.