[Crim. No. 2123. Fourth Dist. May 18, 1965.]

In re SALVADOR J. SINGH on Habeas Corpus.

---

*Retired judge of the superior court sitting under assignment by the
Chairman of the Judicial Council.

456

Salvador J. Singh, in pro. per., and Robert E. Hammons, under appointment by the District Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Gordon Ringer and Bradley A. Stoutt, Deputy Attorneys General, for Respondent.

BROWN (Gerald), P. J.—Petitioner seeks habeas corpus urging his commitment as a narcotic drug addict under Penal Code, section 6450 was invalid on the following grounds:

1. He was denied the right to counsel in the municipal court criminal proceedings which led to his certification to the superior court for a determination of his addiction;

2. He was denied the right to counsel in the superior court proceedings in which his addiction was determined resulting in his commitment; and

3. The court failed to serve him with notice of the hearing in the superior court on the question of his addiction.

Petitioner's first two bases for attacking his commitment are without merit. Petitioner's failure to completely and candidly set forth the facts concerning his representation by counsel in the municipal court, where the record shows counsel appeared in his behalf at the first hearing after his arraignment, obviates any consideration of this matter as ground for relief. (*In re Swain,* 34 Cal.2d 300 [209 P.2d 793].) Upon his certification to the superior court the record shows petitioner was fully advised of his rights, understood them, freely waived them, and the court made specific findings to this effect. There was no denial of the right to counsel.

Penal Code, section 6450 requires that narcotic commitment proceedings be conducted in substantial compliance with Welfare and Institutions Code, section 5353, requiring the judge to fix a time and place for a hearing on the question of addiction. ''Such order [is] to be entered at length in the minute book of the court or shall be signed by the judge and filed and a *certified copy thereof shall be served on the person.*'' (Welf. & Inst. Code, § 5353; italics ours.) ''Unless the mandatory provisions of this section are substantially complied with the commitment is fatally defective.'' (*In re Jones,* 61 Cal.2d 325, 327 [38 Cal.Rptr. 509, 392 P.2d 269].) *Proof of service of the order* fixing the time and place of hearing *must appear of record.* (*In re Jones, supra,* 61 Cal.2d 325, 328.)

In the instant case on April 5, 1962, the court ordered the matter set for hearing on April 11, 1962. This order was made in the presence of the district attorney and the petitioner, and was entered in the minutes of the court. Proof of service of the order does not appear of record.

The People contend the oral order made in the presence of the petitioner was substantial compliance with the statute.

Oral notice cannot fairly replace service of a certified copy of the order. Adequate notice is essential to procedural due process. In recognition of the significance of adequate notice in similar proceedings under Penal Code, section 6500, the court in *In re Raner,* 59 Cal.2d 635 [30 Cal.Rptr. 814, 381 P.2d 638], after noting several defects in the proceedings, said:

''Still more importantly, the record is devoid of evidence that notice of the time and place of hearing was ever served

on petitioner as required by section 6504 ('the court shall . . . cause notice thereof to be served on the person'). . . .

"Among the rights undoubtedly provided by the statute before us, and implicitly guaranteed by our Constitution (Cal. Const., art. I, § 13), is petitioner's right to have notice of the time and place of his hearing served on him pursuant to section 6504. That right would appear to be essential to the fairness of the entire proceeding. Under section 6505 petitioner is also given the similarly protected right to have subpoenas issue for the attendance of witnesses, the right to be represented by counsel and to have court-appointed counsel if necessary, and the right to present and cross-examine witnesses. But these latter rights—relating more to the *conduct* of the hearing—may be of little value if petitioner is not first given due notice of the time and place of the hearing and hence an opportunity to retain or request counsel, summon and interview witnesses, and otherwise prepare his case." (P. 642.)

The distinction between strict compliance with the statutory procedures specified in *Raner* for proceedings pursuant to Penal Code, section 6500, and substantial compliance specified in Penal Code, section 6450 is not particularly meaningful so far as the defect now before us is concerned. The right to service of the order would be equally essential to a fair proceeding in either case, and consequently, essential to substantial compliance with the statute.

The writ of habeas corpus is granted. Since penal proceedings, however, are still pending before the Oxnard-Port Hueneme Municipal Court, Ventura County, petitioner is not discharged from custody, but is remanded to that court for further proceedings in connection with the matters there pending.

Coughlin, J., and Finley, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 14, 1965. Mosk, J., and Bray, J. pro tem.,† were of the opinion that the petition should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

†Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.