[Crim. No. 2606. Fourth Dist., Div. One. Nov. 9, 1966.]

In re PEDRO ESPARZA GONZALES, on Habeas Corpus.

Pedro Esparza Gonzales, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Respondent.

COUGHLIN, J.— Petitioner seeks a writ of habeas corpus to set aside his commitment to the California Rehabilitation Center as a narcotic addict, purportedly pursuant to the provisions of former Penal Code, section 6450. He was not served with a certified copy of the order fixing the time and place of the hearing culminating in the commitment, as was prescribed by former Welfare and Institutions Code, section 5353. At the time and place set for the hearing, petitioner and his counsel appeared; a hearing was conducted; the court found petitioner to be a narcotic addict; and the commitment order followed.

It is settled that "jurisdiction to enter an order of civil commitment to the narcotic addict rehabilitation program 'depends on *strict compliance with each of the specific statutory prerequisites for maintenance of the proceeding.'*" (*People* v. *Victor,* 62 Cal.2d 280, 290 [398 P.2d 391]; *In re Cruz,* 62 Cal.2d 307, 313 [42 Cal.Rptr. 220, 398 P.2d 412]; *In re Raner,* 59 Cal.2d 635, 639 [30 Cal.Rptr. 814, 381 P.2d 638]; *In re Pizzo,* 221 Cal.App.2d 597, 598 [34 Cal.Rptr. 576].) The requirements respecting notice of hearing fall within this category. (*In re Jones,* 61 Cal.2d 325, 328 [38 Cal.Rptr. 509, 392 P.2d 310]; *In re Raner, supra,* 59 Cal.2d 635, 642; *In re Singh,* 234 Cal.App.2d 455, 457 [44 Cal.Rptr. 474].) Under the rule heretofore stated, as there was not "strict compliance with each of the specific statutory prerequisites for maintenance of the proceeding" in the instant case, the proceeding was fatally defective; the court did not have jurisdiction in the premises to commit; and the commitment order was void. (*Ibid.*)

Following rendition of the commitment order, pursuant to the right conferred by former Penal Code, section 6450, petitioner demanded a hearing by a jury; was accorded such; was present at that hearing with his attorney; and was found by the jury to be a narcotic addict. The Attorney General contends the demand for a hearing by a jury constituted a waiver of any prior defects in the proceeding; afforded due

process of law; and precludes assertion of lack of the prescribed notice as a jurisdictional defect. This contention is without merit. The exercise of the right to a further hearing conferred by the statute did not validate the proceeding culminating in the commitment order requiring the exercise of that right. The lack of notice invalidated all subsequent proceedings. The court had no jurisdiction in the premises. Petitioner's subsequent conduct did not purport to reinstate jurisdiction. Granted the requirements of a hearing and notice thereof may be waived by voluntary submission to commitment (*In re Cruz, supra,* 62 Cal.2d 307, 312-313), the assertion of a right conferred by the statute resisting commitment does not constitute such a waiver. In substance, under "the principle of strict compliance with each of the statutory prerequisites for maintenance of these special proceedings," the denial of procedural due process prescribed by the statute invalidates the proceeding in toto. (*In re Cruz, supra,* 62 Cal.2d 307, 313.)

 The hearing before the judge was not analogous to a preliminary hearing in a criminal case. (*In re Raner, supra,* 59 Cal.2d 635, 642.) It effected the commitment from which petitioner seeks release. The hearing before the jury was analogous to an appeal (*In re Trummer,* 60 Cal.2d 658, 665 [36 Cal.Rptr. 281, 388 P.2d 177].) The verdict of the jury affirmed the factual determination in the commitment but did not remove the inherent defect caused by failure to comply with the statutory prerequisite.

We reluctantly reach the conclusions aforesaid, confident that a commitment order would have been made even though there had been strict compliance with the procedural prerequisites of service of a written copy of the order fixing the time and place of the hearing before the judge. Nevertheless, our duty is dictated by the strict compliance rule decreeing loss of jurisdiction upon failure to heed any statutory procedural prerequisite. (See *In re Cruz, supra,* 62 Cal.2d 307, 313.) The issue is not one of denial of constitutional due process but denial of statutory procedural due process.

Petitioner's certification for proceedings under former Penal Code, section 6450 followed his conviction of a misdemeanor by the Municipal Court of Whittier Judicial District, County of Los Angeles, State of California, in case No. M36165, and a stay of proceedings in that case.

The writ of habeas corpus is granted and petitioner is ordered discharged from custody insofar as he is detained

under the narcotic addiction commitment but, by virtue of the conviction as noted, he is remanded to the custody of the sheriff of Los Angeles County for such further proceedings before the Municipal Court of Whittier Judicial District as may be appropriate.

Brown, P. J., concurred.

WHELAN, J.—I dissent.

The petitioner asserts constitutionally fatal deficiencies in the proceedings leading to his commitment for treatment as a narcotic addict under section 6450 of the Penal Code, reenacted as section 3050 of the Welfare and Institutions Code, in that a certified copy of the order fixing the time and place of hearing was not served upon petitioner as required.

The petition should be denied because, by requesting and receiving a jury trial in which he participated and was represented by counsel, petitioner waived the deficiencies in notice of the original hearing.[1]

The protection of the right declared by article 1, section 13, California Constitution not to be deprived of liberty without due process of law is the purpose of the procedural safeguards set up by section 5353, Welfare and Institutions Code, conformity with whose procedures was enjoined by section 6450, Penal Code. (*In re Raner*, 59 Cal.2d 635, 636 [30 Cal.Rptr. 814, 381 P.2d 638].)

---

[1]Petitioner pleaded guilty in the municipal court to a violation of Health and Safety Code, section 11721 (possession of narcotic paraphernalia); and was certified to the superior court for determination whether he was addicted or in imminent danger of becoming addicted to narcotics.

The minute order shows that on November 12 petitioner appeared before the superior court, was informed of the nature of the proceedings and of his rights; that two physicians were appointed to examine him; that the hearing was set for November 20; that the public defender was appointed to represent petitioner.

The two appointed physicians were sworn and testified at the November 20 hearing and filed their certificates. Petitioner was present with counsel and participated in the hearing. Petitioner was found to be a narcotic drug addict and was ordered committed.

On the same date, petitioner's petition for writ of habeas corpus, filed November 18, was passed upon and denied by the judge who conducted the hearing on narcotic addiction. That petition was upon the ground that petitioner had not been examined by a physician within 72 hours (of his arrest). Defendant was subject to confinement during the pendency of the criminal proceeding. The ruling in *Raner* was not precisely applicable in that regard. He then requested a jury trial, which was set for December 3. The public defender was appointed to represent him. The jury trial was had on December 3 and 4, resulting in a unanimous verdict adverse to the petitioner. He was again ordered committed.

Grounds for issuance of the writ of habeas corpus that are inapplicable here need not be discussed. The possible grounds remaining are: (a) lack of jurisdiction in the fundamental meaning of the term; (b) action in excess of the court's powers as defined by constitutional provision, statute, or rules developed by the courts (*In re Zerbe*, 60 Cal.2d 666, 667-668 [36 Cal.Rptr. 286, 388 P.2d 182]) resulting in a denial of due process or fair trial.

## THERE WAS NO LACK OF JURISDICTION IN THE FUNDAMENTAL MEANING OF THE TERM.

In a proceeding initiated under former Penal Code, section 6450, jurisdiction of the subject matter was placed in the superior court by virtue of the enabling statute; jurisdiction of a particular proceeding is vested in the court by virtue of the certification to it from the lower court; the court assumes jurisdiction of the person involved by virtue of his appearing before the court.

From that point onward, the court's authority to hold a hearing requires that the person whose suspected addiction is the subject of the hearing have the prescribed notice of the time and place of the hearing.

In the case of a person certified to the court following conviction of a crime that notice is by service of a certified copy of the order fixing the time and place of hearing.[2]

Because it is possible to waive the service of the prescribed notice of hearing, as discussed hereafter, the conclusion follows that jurisdiction in the fundamental sense is not involved, since such jurisdiction may not be conferred by consent or waiver. (*Maguire* v. *Cunningham*, 64 Cal.App. 536 [222 P. 838]; *Fritts* v. *Camp*, 94 Cal. 393, 398 [29 P. 867].)

The service of a certified copy of the order fixing the time and place of the hearing, therefore, is not to be viewed as the spring for releasing the mantle of jurisdiction over the shoulders of the court, or a key to open one of a series of jurisdictional locks.

---

[2]By contrast with that requirement, in the case of a subject of commitment proceedings who has not been convicted of a crime, the court must set a time and place for hearing and must "cause notice thereof to be served upon the person." The applicable statute in the second type of proceeding does not require that the time and place of the hearing be fixed by order entered at length in the minutes or signed by the judge. (Former Pen. Code, § 6504; present § 3104, Welf. & Inst. Code.)

## Lack of Authority to Do Other Than Follow the Statute

There are certain procedural rights of one who is the subject of a proceeding to determine the question of narcotic addiction. (*In re Jones,* 61 Cal.2d 325, 328 [38 Cal.Rptr. 509, 392 P.2d 310].) Failure of the court to observe the mandate of the statute prescribing any of such rights is procedural error. Any such procedural error that results in deprivation of a constitutionally secured right may be the subject of review on a petition for habeas corpus. Thus, a proceeding under former Penal Code, section 6500, may not be used to restore jurisdiction over a defendant who might have been dealt with under former section 6450, Penal Code, when jurisdiction to proceed under the latter section has been lost (*People v. Victor,* 62 Cal.2d 280 [42 Cal.Rptr. 199, 398 P.2d 391]); a hearing on narcotic addiction held in the defendant's absence and without the taking of testimonial evidence is such a denial of due process and fair trial (*In re Jones, supra,* 61 Cal.2d 325); the same failure to take testimonial evidence coupled with a failure to appoint and have the testimony of a second medical examiner results in a denial of due process and fair trial (*In re Pizzo,* 221 Cal.App.2d 597 [34 Cal.Rptr. 576]); the illegal detention of a subject pending the hearing and the failure to give him the required notice of the hearing deprive him of opportunity to ''retain or request counsel, summon and interview witnesses, and otherwise prepare his case''; that is a denial of the rights to due process and fair trial (*In re Raner, supra,* 59 Cal.2d 635).

*In re Singh,* 234 Cal.App.2d 455 [44 Cal.Rptr. 474], finds it essential to a fair proceeding that the record show service of a certified copy of the order fixing the time and place of the hearing.

Not every failure to proceed in the manner required by statute is ''jurisdictional'' even in the broad sense in which the word is used when the availability of prohibition or certiorari is under consideration (*In re McInturff,* 37 Cal.2d 876, 880 [236 P.2d 574]).

Procedural errors that do not result in any deprivation of a constitutional right do not compel vacating a judgment (*In re Martinez,* 52 Cal.2d 808, 814 [345 P.2d 449].) Certain constitutional rights may be waived by a defendant. (*In re Martinez, supra.*) Compliance by the court with statutory procedures also may be waived. (*In re Oxidean,* 195 Cal.App.2d 814, 818 [16 Cal.Rptr. 193]; *People v. Murphy,* 207 Cal.App.2d 885,

888 [24 Cal.Rptr. 803]; *People* v. *Manriquez,* 188 Cal. 602, 606 [206 P. 63, 20 A.L.R. 1441].)

The hearing to determine addiction of one who has been convicted of a crime itself may be waived, even without an express provision in the statute for such waiver (*In re Cruz,* 62 Cal.2d 307, 312 [42 Cal.Rptr. 220, 398 P.2d 412]), although express provision for waiver of hearing is found in the statutes authorizing commitment of narcotic addicts who have not been convicted of crime. Although there is no express provision in the statute for waiver of notice of the hearing, there is no reason in logic or precedent why statutory notice of a hearing, whether the hearing be held or not, may not also be waived, in accordance with the general rule that notice of trial may be waived.

The purpose of notice is to protect parties against trials, judgments or dismissals in their excusable absence. (*Bird* v. *McGuire,* 216 Cal.App.2d 702, 715 [31 Cal.Rptr. 386].)

In *Matter of Lambert,* 134 Cal. 626, 633 [66 P. 851, 86 Am.St.Rep. 296, 55 L.R.A. 856], the court said: "What constitutes due process of law may not be readily formulated in a definition of universal application, but it includes, in all cases, the right of the person to such notice of the claim as is appropriate to the proceedings and adapted to the nature of the case, and the right to be heard before any order or judgment in the proceedings can be made by which he will be deprived of his life, liberty, or property. The constitutional guaranty that he shall not be deprived of his liberty without due process of law is violated whenever such judgment is had without giving him an opportunity to be heard in defense of the charge, and upon such hearing to offer evidence in support of his defense."

The requirement of notice is obviated where the party claiming lack of notice is present at the trial, or is represented at the time the case is called for trial, or participates therein. (*Bird* v. *McGuire, supra,* 216 Cal.App.2d 702, 714; *Forney* v. *Brodie,* 3 Cal.App.2d 245, 249 [39 P.2d 516].)

In the absence of notice, the presence at the trial and participation therein by counsel for an interested party waives that notice in the absence of a showing of prejudice. (*Capital Nat. Bank* v. *Smith,* 62 Cal.App.2d 328, 339 [144 P.2d 665]; *Parmely* v. *Boone,* 35 Cal.App.2d 517 [96 P.2d 164].)

In special proceedings before a quasi-judicial body of severely limited jurisdiction, it has been held that a trial board does not lack jurisdiction to proceed for failure to serve the peti-

tioner with the prescribed written notice of the time and place of trial when the accused personally appeared at the trial with his attorney and participated therein without objection. (*Horstmyer* v. *Trial Board of Sacramento,* 21 Cal.App.2d 533, 538 [69 P.2d 1021].)

Even in a criminal case, the claim that a defendant's rights had been violated in being compelled to go to trial earlier than he had wished is not sustained when he went to trial on the date set without objection. (*People* v. *Winthrop,* 118 Cal. 85, 88 [50 P. 390].)

The unreasonableness of denying the possibility of waiver of the notice is illustrated by the question: If the court, at the time set for a hearing of which notice had not been given in the manner prescribed, is without jurisdiction to hold a hearing, has it jurisdiction at that time and place to accept a waiver of the hearing made in the form now prescribed by statute?

### Was There a Waiver?

Having reached the conclusion that the service of the prescribed notice of hearing may be waived, it remains to be considered whether petitioner waived such notice in asking for, receiving, and participating in a jury trial after the first hearing before the court.

The Supreme Court denied habeas corpus to one Rodriguez (*In re Rodriguez,* 60 Cal.2d 822 [36 Cal.Rptr. 609, 388 P.2d 881]). As in the present case, the record in *Rodriguez* did not show service of a copy of the order fixing time and place of hearing. Although the precise point was not made in the petition for the writ, the opinion of the Supreme Court shows that the record was closely studied. *Raner* had already been decided. Rodriguez also requested a jury trial. The court, speaking through Mr. Justice Schauer, in denying habeas corpus, said: "Petitioner appeared in court and was informed of his legal rights, and an order was made fixing the times and places of petitioner's medical examination and of his commitment hearing. The latter were duly held, and petitioner was found to be a narcotics addict within the meaning of Penal Code section 6500 and was committed to the custody of the Director of Corrections for treatment. Petitioner thereupon demanded a jury trial (Pen. Code, § 6508) ; such trial resulted in a unanimous verdict that petitioner was addicted to the use of narcotics, and petitioner was again committed to the custody of the Director of Corrections." (*In re Rodriguez, supra,* 60 Cal.2d 822, 824.)

No particular form of notice is prescribed for a jury trial.

An implication of waiver of the statutory notice of the first hearing seems inevitable from the fact of going to trial there-after before a jury with such reasonable notice thereof as is usual.

The purpose and effect of such jury trials are declared to be as follows: "In the vast majority of cases dealing with men-tally ill persons, as well as with narcotic addicts, such peti-tions are unopposed, and the proceedings tend to be summary in nature. For this reason the Legislature has afforded a per-son who is committed under such sections the right to demand a trial de novo by jury or judge on the issue as to whether or not he should be committed." (*People* v. *Bruce,* 64 Cal.2d 55, 59 [48 Cal.Rptr. 719, 409 P.2d 943].)

In narcotic addiction commitment proceedings, the right to a jury trial has been held analogous to the right of appeal. (*In re Trummer,* 60 Cal.2d 658, 665 [36 Cal.Rptr. 281, 388 P.2d 177].) Since a denial of the right to either, when such right is given to others, is a denial of the equal protection of the law, *Trummer* held that a person committed after conviction of a crime had a right to a jury trial, not specifically provided for in the original statute, equally with committed persons who had not been convicted of crime, for whom a jury trial was expressly provided.

*Trummer* can hardly mean that a jury trial is a substitute for or the equivalent of an appeal from the first order of commitment, especially since a direct appeal may be taken from such an order, in which errors in the first hearing and in the proceedings leading up to such hearing may be corrected. (*In re De La O,* 59 Cal.2d 128, 156 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705].)

In no real sense, therefore, can a jury trial resulting in a finding of addiction be said to be an affirmance of an earlier order of commitment that may have come about as the result of reversible error committed by the court or which was based upon insufficient evidence.

This is not to say that the mere existence of an unexercised right to a jury trial would serve to validate a prior commit-ment order made after a hearing that lacked any elements of due process. (*In re Raner, supra,* 59 Cal.2d 635, 642-643.)

Nor would the provision for a jury trial validate legislation that was unconstitutional because it permitted the making of a prior order of commitment ex parte and without notice. (*Mat-ter of Lambert, supra,* 134 Cal. 626, 633.)

#### CONCLUSION

It is because petitioner requested and had a trial by jury, and because of the absence here of other deficiencies noted in some of the cases, that the present case may be distinguished from *In re Raner, supra,* 59 Cal.2d 635; *In re Johnson,* 59 Cal.2d 644 [30 Cal.Rptr. 819, 381 P.2d 643]; *In re Jones, supra,* 61 Cal.2d 325; *In re Singh, supra,* 234 Cal.App.2d 455; *In re Pizzo,* 221 Cal.App.2d 597 [34 Cal.Rptr. 576]; and *In re Lenci,* 220 Cal.App.2d 590 [33 Cal.Rptr. 878]. In none of those cases was the question of waiver discussed.

Vacation of the order of commitment under these circumstances would serve only as an admonition to trial courts in other cases. That is not a proper function of the writ. (*In re Martinez, supra,* 52 Cal.2d 808, 814-815.)

Due process may be satisfied without a hearing by a waiver of hearing expressly or impliedly provided for; it is unreasonable to say that because a certified copy of the order fixing time and place of hearing has not been served, jurisdiction halts at the threshhold of the courtroom in which petitioner with counsel is waiting for the trial in the presence of the court and jury.

Respondent's petition for a hearing by the Supreme Court was denied January 4, 1967. Mosk, J., and Burke, J., were of the opinion that the petition should be granted.