[Crim. No. 15803.   Second Dist., Div. Four.   May 22, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ALONZO
SIDNEY DAVIS, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of
Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and
Melvin R. Segal, Deputy Attorneys General, for Plaintiff and
Respondent.

KINGSLEY, J.—Pursuant to section 3100 et seq., of the
Welfare and Institutions Code, proceedings were instituted
looking to the commitment of defendant as a narcotic addict.
At the first hearing, held under section 3106, defendant was
found to be a narcotic addict and was ordered committed to
the California Rehabilitation Center. A jury trial was

demanded and the case was set for such a trial. At the opening of that hearing, defendant, personally, his counsel, and the deputy district attorney, waived jury trial by a procedure that followed explicitly the procedure for waiver of a jury trial in a criminal case. As the hearing progressed, the trial court's attention was called to the fact that while, before 1965, section 3108 of the Welfare and Institutions Code had provided for a second hearing "by judge or jury," the 1967 revision of that section provided only for a jury trial on the occasion of the second hearing. The court ruled that, a jury trial having been waived, there was thereafter no provision for a second hearing and that the only procedure available was to carry out the commitment order theretofore made. The court and counsel engaged in a long discussion, during which the court several times offered to allow defendant to withdraw his jury waiver and have a jury trial. The offer was refused. Defendant was thereupon committed pursuant to the original order. A motion for new trial was made and denied.

He has appealed from the judgment and from the order denying a new trial. We dismiss the latter appeal, since an order denying a new trial is not appealable. (*Rodriguez* v. *Barnett* (1959) 52 Cal.2d 154 [338 P.2d 907].) We affirm the judgment.

■ As counsel points out, the result is that defendant stands committed solely on the evidence adduced at the first hearing and at that hearing, insofar as the issue of addiction was concerned, the only evidence was the examining physician's certificate, received in evidence by stipulation. But section 3107 expressly permits the waiver of a hearing where, as here, the waiver is expressed in open court; if a hearing may be waived in its entirety, it can be waived in part. While there were minor defects in the form of the certificate, we are not convinced that they amounted to prejudicial error. We see no defects in the original hearing or in the commitment order there made.

We conclude that the trial court properly construed section 3108 in its amended form. It is clear that, for reasons satisfactory to it, the Legislature determined not to give a possible committee two court hearings, but that it desired only to grant a jury determination if the person involved so desired. However, the jury trial provided for in section 3108 is a privilege of defendant; he need not demand it and, once demanded, he may withdraw his demand. In the case at bench it was made crystal clear that defendant did not want a second

hearing before a jury but only a second hearing before a judge. This was something the law did not afford. It follows that, once the jury trial was waived, there remained nothing to do except to carry out the unrevoked commitment order.

The judgment is affirmed; the appeal from the order denying a new trial is dismissed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied May 28, 1969, and appellant's petition for a hearing by the Supreme Court was denied July 16, 1969.