[Crim. No. 15316. Second Dist., Div. Five. Feb. 4, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
NICHOLAS RODRIGUEZ GALLEGOS, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward Duddy, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**REPPY, J.**—The proceedings arose out of the petition for commitment of appellant as a noncriminal narcotic drug addict. A hearing before the court was held pursuant to sections 3100.6, 3104 and 3106 of the Welfare and Institutions Code. The petitioning officer was examined and cross-examined. Pursuant to stipulation of respective counsel, without the defendant joining, testimony by the physician who made the medical examination under section 3100.6[1] was waived and his report was received in evidence in lieu thereof. The court found that appellant was a narcotic drug addict and committed him to the Director of Corrections. Appellant promptly requested a

---

[1] If the petition is under section 3100.6, only one physician need make an examination and report; if it is under section 3100, two physicians are appointed (§ 3102).

jury trial. (Welf. & Inst. Code, § 3108.) Before the time for trial appellant obtained new counsel. He, appellant, and counsel for the People joined in a jury waiver. The trial was conducted, and the court again found that appellant was a narcotic addict and ordered him committed and delivered to the Director of Corrections at Corona. The appeal is from the second commitment order.

Only two points remain in contention. The more fundamental one is that there was no legal basis for waiving the jury at the reconsideration trial and having a second court trial in lieu thereof; that the second commitment order is void; that the prior jury waiver was ineffective because it was given on an erroneous assumption; that the proceedings should be remanded to the trial court so that appellant can be advised by the judge that if he wants a reconsideration hearing, it must be before a jury. The second point appellant raises is that he should have personally joined in any waiver of in-court testimony by the medical examiner.

■ We take up the first contention. The case of *People* v. *Davis* (1969) 273 Cal.App.2d 257 [77 Cal.Rptr. 903] points to the circumstance that prior to 1967 the statutory provision for a reconsideration hearing was that it might be before a judge or jury; that in 1967 the law was changed to provide that the reconsideration hearing should be before a jury. The *Davis* case holds that this indicates a legislative intent to afford only a jury retrial and not to allow a second duplicate court trial by means of demanding and then waiving a jury. This interpretation is based on the logical rationale that there would be no point in having a second duplicative court hearing. This is the existing guiding interpretation of section 3108.

Under this concept, the approach might be taken that the jury waiver was ineffective and the second hearing and decision an exercise in futility; that the second commitment was a nullity. *Davis, supra,* did not pass on such a problem because the trial court there caught the error, gave the alleged addict the opportunity to go back to a jury trial, and, upon the refusal of the alleged addict to do so, ordered him placed under the original commitment, which was considered extant. However, in *People* v. *Ivenditti* (1969) 276 Cal.App.2d 178 [80 Cal.Rptr. 761], the parties went through the reconsideration trial before the judge after a jury waiver. In footnote 2, the opinion, citing *Davis, supra,* notes that "the trial court should have refused again to hear it, though there is no apparent harm to appellant as a result."[2] (at p. 180). ■ This suggests that the nature of the hearing (by jury or

---

[2]The opinion dealt with a point of law related to the reconsideration trial.

by judge alone) is not of jurisdictional dimension; that, rather, there is only invited procedural error; that it is not required that the second commitment be declared a nullity.

Such a holding may allow an occasional inadvertent circumvention of the legislative scheme, but certainly such incidents can be kept to a minimum by an alert judiciary and bar.

■ In connection with the second point, we conclude that the waiver of in-court testimony by the examining physician(s) may be made by the attorney on behalf of the alleged addict; that it is not essential that the latter personally join in such a waiver.

Section 3107 of the Welfare and Institutions Code, dealing with waiver of an entire hearing, requires that the waiver be expressed in open court or in writing by the alleged addict. In contrast, section 3106, dealing with the method of receiving evidence from the physicians, provides that they shall testify unless their presence is waived and it is stipulated that the affidavits may be received in evidence. The requirement of the waiver being expressed in open court or in writing by the alleged addict is not included.[3] Moreover, by agreeing that the doctor's testimony should come in by affidavit, appellant was not conceding the issue of his addiction. His counsel cross-examined the apprehending officer in a manner which challenged some of the symptom-evidence. *In re Jones* (1964) 61 Cal.2d 325 [38 Cal.Rptr. 509] and *In re Kramer* (1967) 257 Cal.App.2d 287 [64 Cal.Rptr. 686], cited by appellant, are not persuasive. They are cases where the stipulation amounted to a complete submission to commitment.

The order is affirmed.

Kaus, P. J., and Aiso, J., concurred.

[3]In *Davis, supra,* there was a waiver as to physicians' testimony but apparently it was taken from the alleged addict in open court, so the problem posed here was not involved.