[Civ. No. 39093. Second Dist., Div. One. Dec. 8, 1971.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROBERT L. WARPOLE, Real Party in Interest.

912

COUNSEL

Joseph P. Busch, Jr., District Attorney, Harry Wood and Arnold T. Guminski, Deputy District Attorneys, for Petitioner.

John D. Maharg, County Counsel, and Harold S. Vites, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

**THOMPSON, J.**—Proceeding in mandamus to compel the Superior Court of Los Angeles County to annul its order of August 19, 1971, staying execution of its earlier order of June 30, 1971, finding that real party in interest is a narcotic drug addict within the meaning of Welfare and Institutions Code section 3100.6, and committing him to the Director of Corrections at the California Rehabilitation Center. Peremptory writ granted.

*Facts*

On June 30, 1971, the trial court adjudged real party in interest, Robert L. Warpole, a narcotic drug addict within the meaning of Welfare and Institutions Code section 3100.6 and ordered him committed to the Director of Corrections at the California Rehabilitation Center. At Warpole's demand, pursuant to Welfare and Institutions Code section 3108, a jury trial to determine the issue of addiction was set for July 20, 1971. The order of commitment was stayed pending the outcome of that trial. Warpole failed to appear for the proceedings on July 20, 1971. On August 19, 1971, he moved to extend the stay of execution to permit him to make appropriate arrangements with a private hospital to undergo treatments for his addiction. The motion was granted and the stay extended until October 18, 1971. In a subsequent proceeding, the trial court granted a further stay until November 30, 1971. The stay order permits Warpole to remain free on bail on condition that he undergo treatment in a program at Metropolitan State Hospital and report immediately to the court upon any failure of that program. Warpole's attorney was made responsible for enforcing the order. The People objected to the extension of the stay order. On September 13, 1971, they filed their petition for writ of mandate pursuant to Code of Civil Procedure section 1084 et seq., seeking its annulment.

■ The People contend that the respondent court exceeded its jurisdiction in granting the stay of execution of the order committing the real party in interest to the custody of the California Rehabilitation Center as required by Welfare and Institutions Code section 3106.5. The contention is valid.

Section 3106.5 states that when the court determines that a person is addicted or in imminent danger of becoming addicted to the use of narcotics, it shall order that person committed to the custody of the Director of Corrections. "Shall" is defined by Welfare and Institutions Code section 15 as mandatory. Here the trial court determined that Warpole, by failing to appear for his jury trial on the date it was set, waived his right to that trial. That determination is not questioned by Warpole in this proceeding. The real party in interest having in effect waived his right to a jury trial, the original order of commitment was reinstated and became final. (*People* v. *Winfrey,* 13 Cal.App.3d 818 [92 Cal.Rptr. 33]; *People* v. *Davis,* 273 Cal.App.2d 257, 259 [77 Cal.Rptr. 903].) Nothing remained to be done with respect to the original order except to carry it out. ·

■ Conceding without deciding the validity of the argument of the respondent court that it was empowered to grant a stay of execution to facilitate proceedings before it, as well as to permit an appeal to be taken (see Code Civ. Proc., § 681a; Pen. Code, § 1243), the purported stay order here is nevertheless fatally defective. No matter what the order may be denominated, it is in effect a grant of summary probation upon condition that the real party in interest undergo hospitalization for his narcotics addiction at a facility other than that provided by the Director of Corrections and an appointment of Warpole's counsel as an informal probation officer. The Legislature has not provided for probation in civil proceedings committing a person for narcotics addiction. The failure of the Legislature to do so must be upheld by us. ■ The purpose of civil commitment for addiction is not only that of cure and rehabilitation of the addict or person imminently endangered with addiction but also the quarantine of the individual from society. (Welf. & Inst. Code, § 3000; *In re De La O,* 59 Cal.2d 128 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705].)

■ We thus conclude that the legislative scheme for confinement and treatment of narcotics addicts does not include provisions permitting the court, in a civil narcotics commitment, to place the person committed upon probation but, to the contrary, directs the court to commit the person to the custody of the Director of Corrections. The order denominated a stay of execution, but which is in effect a grant of summary probation, is therefore one which the respondent court was without power to make.

Let the peremptory writ of mandate issue directing the respondent court to annul its order of August 19, 1971, and to issue a new order committing real party in interest to the custody of the Director of Corrections.

Wood, P. J., and Lillie, J., concurred.