Opinion
 

 PUGLIA, P. J.
 

 --On March 25, 1970, after having entered a plea of guilty to a charge of violating section 11912 (now § 11379) of the Health and Safety Code, petitioner was found to be a narcotics addict within the meaning of Welfare and Institutions Code section 3051 and was committed to the California Rehabilitation Center (CRC) for treatment.
 

 During the ensuing years, petitioner absconded from CRC supervision for a total of 7 months and 25 days and was declared to be .a “releasee-at-large” for that period of time. The Director of Corrections deducted petitioner’s “at-large” time from the computation of time expired since petitioner’s commitment to CRC and delayed petitioner’s discharge date accordingly.
 

 (1a) Petitioner filed the instant petition for a writ of habeas corpus contending that the Director of Corrections had unlawfully reset his discharge date, causing petitioner to be restrained at CRC for a period exceeding the seven-year maximum commitment period provided in Welfare and Institutions Code section 3201. The contention is unavailing.
 

 Welfare and Institutions Code section 3201 provides in pertinent part, as follows: “If a person committed pursuant to this chapter has not been discharged from the program prior to expiration of seven years, the Director of Corrections shall, on the expiration of such period, return him to the court from which he was committed, which court shall discharge him from the program and order him returned to the court in which criminal proceedings were adjourned, or the imposition of sentence suspended, prior to his commitment or certification to the superior court; . . .’’ The thrust of petitioner’s argument is that the seven-year commitment imposed by section 3201 may not be tolled by reason of petitioner’s status as a “releasee-at-large.”
 

 
 *123
 
 (2) In construing a statute, a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law.
 
 {Bravo
 
 v.
 
 Cabell
 
 (1974) 11 Cal.3d 834, 838 [114 Cal.Rptr. 618, 523 P.2d 658].) Moreover, statutory construction which leads to absurd consequences should be avoided.
 
 (City of Plymouth
 
 v.
 
 Superior Court
 
 (1970) 8 Cal.App.3d 454, 466 [96 Cal.Rptr. 636].)
 

 The Legislature intended that persons addicted to narcotics should be treated for that condition and. its causes, and that such treatment should be carried .out for the protection of the addict himself and also to prevent the contamination of others. (Welf. & Inst. Code, § 3000;
 
 People
 
 v.
 
 Superior Court
 
 (1971) 21 Cal.App.3d 911; 914 [98 Cal.Rptr. 894].)
 

 Petitioner’s suggested construction of section 3201 is contraiy to the underlying legislative intent in that it frustrates the treatment provisions of the statute. Taken to its extreme, petitioner’s interpretation would allow an individual who absconded from supervision immediately after being committed and who remained a “releasee-at-large” for seven years thereafter to avoid receiving any treatment at all.
 

 Additional support for the director’s subtraction of “at-large” time is provided by Welfare and Institutions Code section 3305 which indicates that part 3 of the Penal Code applies to the California Rehabilitation Center as a prison under the jurisdiction of the Department of Corrections and to the persons confined therein insofar as the provisions are applicable. Part 3 of the Penal Code includes section 3064 which reads as follows: “From and after the suspension or revocation of the parole of any prisoner and until his return to custody he shall be deemed an escape[e] and fugitive from justice and no part of the time during which he is an escape[e] and fugitive from justice shall be part of his term.”
 

 The phrase “return to custody” as used in Penal Code section 3064, in the context of escaped or fugitive parolees, means returns to the control of California’s prison authority.
 
 (In re Pearce
 
 (1974) 40 Cal.App.3d 399, 401 [115 Cal.Rptr. 222].) When Penal Code section 3064 is applied to the situation of a “releasee-at-large” from CRC, the phrase must be construed to mean the return of the releasee to supervision and
 
 *124
 
 treatment, either by his return to CRC or return to supervised outpatient status.
 

 The petition for a writ of habeas corpus is denied.
 

 Janes, J., and Reynoso, J., concurred.
 

 A petition for a rehearing was denied November 2, 1977, and petitioner’s application for a hearing by the Supreme Court was denied December 28, 1977.