[No. A085447. First Dist., Div. Five. Sept. 8, 1999.]

In re CLIFTON A. BODE on Habeas Corpus.

**COUNSEL**

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Morris Lenk, Assistant Attorney General, and Catherine Anne McBrien, Deputy Attorney General, for Appellant.

Serra, Lichter, Daar, Bustamante, Michael & Wilson and Nedra Ruiz for Respondent.

**OPINION**

**STEVENS, J.**—In this matter we hold there is no 30-day deadline for providing a life prisoner with a transcript of his parole hearing.

Penal Code section 3042, subdivision (b)[1] (hereafter, section 3042(b)) requires that *members of the public*, not prisoners, must be provided a transcript of a parole hearing, at least 30 days before the release of any prisoner, and within 30 days after the parole hearing itself. However, this statutory requirement was designed to protect the public prior to the release of a prisoner, and does not apply to unsuccessful prisoner petitioners such as the respondent on this appeal, Clifton A. Bode, whose application for parole has been denied.

---

[1]All further section references are to the Penal Code.

By contrast, section 3041.5, which does govern the rights of life prisoners such as Bode, requires only that a transcript be provided to the prisoner, and does not impose a 30-day deadline. There is no statute requiring that a prisoner receive a transcript within 30 days. We therefore reverse the ruling of the trial court, which had held to the contrary.

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts are not in dispute.

Respondent on appeal Clifton A. Bode was convicted of first degree murder and is serving a sentence of life with possibility of parole at San Quentin State Prison. On March 24, 1998, Bode had his most recent parole consideration hearing, which resulted in a denial of parole.

On June 1, 1998, which was 68 days after the date of his March 1998 parole hearing, Bode received the transcript of that hearing. On the same day, Bode filed a petition for habeas corpus in the superior court, alleging that the failure to provide him with a transcript of the parole hearing within 30 days of the date of the hearing violated his statutory rights under section 3042(b).

The Attorney General filed a return to the petition, contending that Bode's petition should be dismissed as moot, because a transcript of the parole hearing had been provided to him. The Attorney General also contended in the trial court that Bode did not have the right to a transcript within 30 days, because he was a prisoner, not a member of the public, and section 3042(b) only applies to members of the public, not prisoners.

The trial court ruled to the contrary, concluding that the matter should not be dismissed as moot because it was "capable of repetition, yet evading review." On the merits, the trial court ruled Bode and other similarly situated life prisoners had a right to a transcript within 30 days, under section 3042(b). This timely appeal followed.

## II. DISCUSSION

■ We exercise independent or de novo review over the purely legal question presented: whether a prisoner has a right to receive a copy of the transcript of his parole hearing within 30 days, under the terms of section 3042(b). (See *Ghirardo* v. *Antonioli* (1994) 8 Cal.4th 791, 799-801 [35 Cal.Rptr.2d 418, 883 P.2d 960]; cf. also *In re Arafiles* (1992) 6 Cal.App.4th 1467, 1475 [8 Cal.Rptr.2d 492] (*Arafiles*).)

Section 3042 provides: "(a) At least 30 days before the Board of Prison Terms meets to review or consider the parole suitability or the setting of a parole date for any prisoner sentenced to a life sentence, the board shall send written notice thereof to each of the following persons: the judge of the superior court before whom the prisoner was tried and convicted, the attorney who represented the defendant at trial, the district attorney of the county in which the offense was committed, the law enforcement agency that investigated the case, and where the prisoner was convicted of the murder of a peace officer, the law enforcement agency which had employed that peace officer at the time of the murder. [¶] (b) The Board of Prison Terms shall record all such hearings and transcribe such recordings within 30 days of any such hearing. All such transcripts, including the transcript of all such prior hearings, shall be filed and maintained in the office of the Board of Prison Terms and shall be made available to the public no later than 30 days from the date of the hearing. No such prisoner shall actually be released on parole prior to 60 days from the date of the hearing."

In the present case, the transcript of Bode's hearing was recorded, and it was transcribed on April 16, 1998, within 30 days of the hearing. However, Bode himself did not *receive* a copy of the transcript sent to him in prison until June 1, 1998, which was 68 days after the date of the hearing. He claims that section 3042(b) requires that he and other prisoners actually receive a copy of the transcript within 30 days.

We disagree. Section 3042(b) by its own plain terms concerns the rights of members of the public, not the rights of prisoners. Section 3042(b) does require that the Board of Prison Terms record and transcribe all hearings within 30 days, and keep the transcripts on file and available to the public. Bode does not contend that these requirements were not complied with in the instant case. However, nowhere in section 3042(b) is there language requiring that *prisoners* must receive copies of the transcripts *within 30 days*.

By contrast, the rights of prisoners in respect to parole hearings are exhaustively detailed in section 3041.5, which provides in pertinent part: "(a) At all hearings for the purpose of reviewing a prisoner's parole suitability, or the setting, postponing or rescinding of parole dates, the following shall apply: [¶] (1) At least 10 days prior to any hearing by the Board of Prison Terms, the prisoner shall be permitted to review his or her file . . . . [¶] (2) The prisoner shall be permitted to be present, to ask and answer questions, and to speak on his or her own behalf. [¶] . . . [¶] (4) *The prisoner shall be permitted to request and receive a stenographic record of all proceedings.*" (Italics added.)

■ In interpreting statutes such as section 3042(b) and section 3041.5, we are guided first by their plain language and meaning. (*Fontana Unified*

*School Dist.* v. *Burman* (1988) 45 Cal.3d 208, 218 [246 Cal.Rptr. 733, 753 P.2d 689].) Moreover, "[i]n construing a statute, a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)" (*Arafiles, supra,* 6 Cal.App.4th at p. 1475.)

 The plain language of section 3042(b) provides that members of the public have the right to inspect a copy of the transcript of a parole hearing on file, within 30 days of the hearing, and 30 days before the release of a prisoner. Its provisions create a right in favor of the public, not the prisoner, in order to ensure transparency in the parole hearing process, and allow timely warning to the public that a prisoner may be released following a grant of parole. Clearly, those interests are not transferable to the instant case, in which we must ascertain the rights of a prisoner who was denied parole.

While providing a prisoner with the right to receive a copy of a transcript of the parole hearing, section 3041.5 does not establish any time period for its receipt. The absence of any deadline in section 3041.5, when viewed in light of the 30-day provision of section 3042(b) involving a related subject, indicates an intention by the Legislature that no such deadline should apply to a prisoner's receipt of transcripts. (See *Garat* v. *City of Riverside* (1991) 2 Cal.App.4th 259, 296 [3 Cal.Rptr.2d 504].)

Where, as here, there is no ambiguity in the language of statutes, we are not authorized to create such an ambiguity for the purpose of resolving it. Nor can we mix and match portions of one statute granting a prisoner a right to a transcript, with the time limits from another statute, which gives a right to the public, not the prisoner, to inspect transcripts in public files within 30 days. (See *Campbell* v. *State Farm Mut. Auto. Ins. Co.* (1989) 209 Cal.App.3d 871, 875 [257 Cal.Rptr. 542] ["To find in respondent's favor, we would have to interpret away clear language in favor of an ambiguity that does not exist"]; see also *Los Angeles Unified School Dist.* v. *Workers' Comp. Appeals Bd.* (1984) 150 Cal.App.3d 823, 827 [198 Cal.Rptr. 116].)

Finally, Bode's suggested statutory interpretation would lead to absurd results, by transmuting a short time limit intended to protect the public from the unwarranted release of dangerous prisoners into a hypertechnical rule favoring the very prisoners from whom the statute sought to protect the public. As Presiding Justice Puglia observed in *Arafiles, supra,* 6 Cal.App.4th at page 1475: "The construction proposed by the petitioner is 'repugnant to the general purview' of the statute (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 219 [188 Cal.Rptr. 115,

655 P.2d 317]) and would lead to absurd consequences. Such a construction must be avoided (*In re O'Neil* (1977) 74 Cal.App.3d 120, 123 [141 Cal.Rptr. 338]) and by rejecting petitioner's formulation we do so avoid it here."[2]

## III. DISPOSITION

The order of the trial court is reversed.

Jones, P. J., and Haning, J., concurred.

---

[2]Of course, a prisoner does have a basic due process right to receive a copy of a transcript in reasonably timely fashion. It appears Bode has received such a transcript, within a period that satisfied his right to constitutional due process. This allowed him to timely pursue his right to challenge the adverse result from the parole hearing. While we do not approve of any delays in providing copies of transcripts to prisoners, we note that the date of a prisoner's actual receipt of a transcript in prison is determined in part by the procedures of the Department of Corrections, not the Board of Prison Terms, and the date of such receipt may vary, due to factors not under the board's control. A considerable delay could result in the violation of a prisoner's constitutional due process right, an issue we need not address on the facts of this case.