Filed 5/13/16  P. v. Bates CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR WAYNE BATES, JR.,<br><br>    Defendant and Appellant. | E063593<br><br>(Super.Ct.Nos. RIF1105274 & RIF1102121)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Annie Fraser and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court denied the Proposition 47 petition for resentencing of defendant and appellant Victor Wayne Bates, Jr. (Pen. Code, § 1170.18.)[1] Defendant raises two issues on appeal. First, defendant contends the record of conviction does not support the finding that the value of the property he stole exceeded $950. Second, defendant contends the trial court erred by not providing him notice that he could request a hearing concerning his petition. We affirm the judgment.

**FACTUAL AND PROCEDURAL HISTORY**

In an amended information filed in Riverside County on January 8, 2013, defendant was charged with (1) residential burglary (§ 459); (2) being a felon in possession of a firearm (§ 12021, subd. (a)(1)); (3) one felony count of receiving stolen property (§ 496, subd. (a))—(a) a Macbook; (b) a nine-millimeter handgun; (c) a camera; and (d) a stamp collection—the items were alleged to have been taken from four separate victims; and (4) failing to appear (§ 1320, subd. (b)). It was further alleged that defendant suffered (1) three prison priors (§ 667.5, subd. (b)); (2) a prior serious felony conviction (§ 667, subd. (a)); and a prior strike conviction (§§ 667, subds. (c)&(e)(1), 1170.12, subd. (c)(1)).

On January 8, 2013, defendant pled guilty to the offenses of residential burglary (§ 459) and receiving stolen property (§ 496, subd. (a)). Defendant also admitted suffering one prison prior (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c)&(e)(1), 1170.12, subd. (c)(1)).

_____

[1] All subsequent statutory references will be the Penal Code, unless otherwise indicated.

The trial court sentenced defendant to prison for a term of 13 years. The failure to appear and felon in possession of a firearm charges were dismissed in the interest of justice. (§ 1385.) The court ordered defendant to pay victim restitution in an amount to determined by the Probation Department. (§ 1202.4, subd. (f).) A probation report was not included in the record on appeal.

On December 15, 2014, defendant petitioned the trial court to reduce his felony receiving stolen property conviction (§ 496, subd. (a)) to a misdemeanor. (§ 1170.18.) On the petition form, defendant's attorney marked the box reflecting defendant had been convicted of receiving stolen property and that defendant believed the value of the stolen property did not exceed $950. No supporting papers were attached to the petition.

The prosecutor responded to the petition, arguing that the value of the stolen property exceeded $950. The prosecutor wrote, "Loss over $950 (Macbook, 9mm handgun, camera, & stamp collection.)" The trial court denied defendant's petition without a hearing. The court's minute order reflects, "496 (a) PC—loss was over $950."

## DISCUSSION

A.    PROPERTY'S VALUE

Defendant contends the trial court erred by concluding the value of the stolen property exceeded $950, because there is nothing in the record of conviction supporting such a finding.

No evidence was submitted at the trial court, so we will apply the de novo standard of review.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).)  In June 2011, when defendant committed his crime, the offense of receiving stolen property could be charged as a misdemeanor if (1) such a classification served the interests of justice, and (2) the value of the stolen property did not exceed $950.  (Former § 496, subd. (a).)  Now, after the passage of Proposition 47, the offense of receiving stolen property is a misdemeanor if "the value of the property does not exceed $950."  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 651.)

In requesting a felony conviction be transmuted into a misdemeanor pursuant to Proposition 47, a defendant bears the burden of making an initial showing concerning the value of the stolen property.  In other words, a defendant bears the burden of initially showing he is entitled to a reduction in sentence.  Therefore a "proper petition" should contain proof, such as the defendant's testimony (or other evidence) regarding the nature and value of the items taken.  Based upon that initial showing, the trial "court can take such action as appropriate to grant the petition or permit further factual determination."  (*Sherow*, *supra*, 239 Cal.App.4th at p. 880; see also *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450.)

Defendant's petition reflects defendant's attorney's conclusion that defendant believed the value of the property was less than $950.  Defendant provides no proof about the value of the stolen items.  Thus, defendant failed to meet his burden of showing the value of the items was less than $950.

4

The trial court may have erred by making the factual finding that the property was valued at over $950 because evidence was not submitted to support that finding. Nevertheless, the trial court's denial of defendant's petition was correct for a different reason—defendant failed to meet his burden of demonstrating the property was valued at $950 or less. (*In re Lucero L.* (2000) 22 Cal.4th 1227, 1249-1250 [a correct ruling will be upheld even if the reasons for the ruling were incorrect].) Defendant's failure to provide the trial court with any proof regarding the value of the property means he failed to demonstrate he is eligible for resentencing. Accordingly, we conclude the trial court did not err by denying defendant's petition.

B. <u>NOTICE</u>

Defendant contends the trial court erred by not providing him notice that he could request a hearing concerning his petition. Defendant's argument is based upon a due process violation, in that he asserts he was not provided proper notice of his right to request a hearing. Defendant contends people who have completed serving their prison sentences can request a hearing (§ 1170.18, subd. (h)), and therefore, people, such as defendant, who are incarcerated should be given notice that they too can request a hearing.[2]

---

[2] Although we have concluded defendant failed to meet his burden, the notice issue has not been rendered moot. Presumably, defendant would argue that he did not meet his burden because he was not given notice about the possibility of a hearing, and at the hearing he would have provided the relevant evidence. Accordingly, the notice issue is pertinent to resolving defendant's concerns. If we were to conclude defendant were entitled to notice of a possible hearing, then he might present the necessary proof

*[footnote continued on next page]*

Defendant has raised a legal question, so we apply the de novo standard of review. (*In re Bode* (1999) 74 Cal.App.4th 1002, 1004.) "'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.'" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Section 1170.18, provides in relevant part, "A person *who has completed his or her sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an *application* before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f), italics added.) Additionally, "Unless requested by the *applicant*, no hearing is necessary to grant or deny an *application* filed under subdivision (f)." (§ 1170.18, subd. (h), italics added.)

---

*[footnote continued from previous page]*
at the hearing on remand. (See *In re Albert G.* (2003) 113 Cal.App.4th 132, 134 [an issue is moot when no effective relief can be granted].)

Thus, based upon the foregoing plain language, people who have completed their sentences are "applicants" who file "applications," and may request a hearing regarding their "applications."

By contrast, section 1170.18, subdivision (a), provides, "A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may *petition* for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Section 1170.18, subdivision (b), provides, "Upon receiving a *petition* under subdivision (a), the court shall determine whether the *petitioner* satisfies the criteria in subdivision (a). If the *petitioner* satisfies the criteria in subdivision (a), the *petitioner's* felony sentence shall be recalled and the *petitioner* resentenced to a misdemeanor[,] unless the court, in its discretion, determines that resentencing the *petitioner* would pose an unreasonable risk of danger to public safety."

Accordingly, the statute provides that people currently serving their sentences are "petitioners" who file "petitions." That there is a difference between petitions and applications is reinforced by section 1170.18, subdivision (j), which uses both terms, i.e, the terms are not interchangeable, and provides, "Any petition or application under this section shall be filed . . . ." Subdivision (j) reflects that petitions and applications are not interchangeable—the statute contemplates both petitions and applications, and there are differences between them.

7

Because the plain language of the statute uses the term "petition," and concerns people who are currently incarcerated, we interpret it by its plain meaning as a reference to a writ petition, similar to a petition for writ of habeas corpus (§ 1473). The following writ procedures are relevant to section 1170.18 petitions:

"To satisfy the initial burden of pleading adequate grounds for relief, an application for habeas corpus must be made by petition, and '[i]f the imprisonment is alleged to be illegal, the petition must also state in what the alleged illegality consists.' [Citation.] The petition should both (i) state fully and with particularity the facts on which relief is sought [citations], as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations. [Citations.] 'Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing.' [Citation.] . . . [A]s stated above, the burden is on the petitioner to establish grounds for his release." (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

A petitioner under section 1170.18 should attach documentary evidence to his/her petition. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880; *People v. Perkins* (2016) 244 Cal.App.4th 129, 137.) Similar to a writ of habeas corpus, if the section 1170.18 petitioner fails to establish a prima facie case for relief, then the trial court will summarily deny the petition. If, however, the trial court finds the factual allegations, taken as true, establish a prima facie case for relief, then the trial court may schedule a

hearing.[3] (See *People v. Duvall*, *supra*, 9 Cal.4th at p. 475 [describing habeas corpus procedure].)

In the instant case, as discussed *ante*, defendant failed to establish a prima facie case for relief, in that he provided no evidence to meet his burden of proof. As a result, there was no need for the trial court to provide defendant notice of a hearing because a hearing did not need to take place—defendant's petition could be summarily denied due to the failure of establishing a prima facie case for relief. Accordingly, we conclude the trial court did not err.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

---

[3] In this opinion, we do not address whether the hearing must be requested by defendant and whether the hearing is mandatory or discretionary.